IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM RUSSELL ROBERTS,

                Plaintiff,

v.

LEE ANNE GALLAGHER, NINA J.
FOPPE,[1] MAPFRE INSURANCE,
EAN HOLDINGS LLC, HERTZ GLOBAL
HOLDINGS, INC., HERTZ VEHICLES LLC,
DOLLAR THRIFTY AUTOMOTIVE
GROUP, INC., HERTZ CORPORATE
HEADQUARTERS, VOLKSWAGON
GROUP OF AMERICA, NORTHERN
ARIZONA HEALTHCARE, JOSEPH
EZRA ROBERTS, DOLLAR THRIFTY
GROUP, and LIBERTY MUTUAL INSURANCE,

                Defendants.

OPINION AND ORDER

19-cv-331-wmc

WILLIAM RUSEEL ROBERTS,

                Plaintiff,

v.

LEE ANNE GALLAGHER,
MAPFRE INSURANCE d/b/a THE
COMMERCE INSURANCE COMPANY,
VOLKSWAGON GROUP OF AMERICA, INC.,
LIBERTY MUTUAL INSURANCE,
HERTZ GLOBAL HOLDINGS, INC.,
ENTERPRIZE RENTAL COMPANY, and
NORTHERN ARIZONA HEALTHCARE,

                Defendants.

OPINION AND ORDER

20-cv-299-wmc

---

[1] Although listed on Roberts' complaint as "Nina J. Gallagher (Foppe)" this defendant clarifies that her name is Nina J. Foppe and Roberts does not oppose that clarification, so the court has modified the case caption accordingly.

1

In these civil lawsuits, *pro se* plaintiff Williams Roberts has sued numerous individuals and entities for injuries he incurred following an automobile accident in Arizona on April 26, 2017. The defendants in each of these lawsuits seek dismissal on several grounds, including lack of subject matter jurisdiction, personal jurisdiction, venue, inadequate service of process, and for failure to state a claim upon which relief can be granted. (No. 19-cv-331 ("the '331 case"), dkt. ##24, 35, 43, 45; No. 20-cv-299 ("the '299 case"), dkt. ##4, 11, 15, 20, 47.) Although Roberts invokes this court's diversity jurisdiction under 28 U.S.C. § 1332 in the '299 and '331 cases, both must be dismissed for lack of subject matter jurisdiction. Still, the court will give Roberts a brief window of time to file an amended complaint containing allegations necessary for the court to uphold his assertion of federal jurisdiction in the '299 case. If Roberts' allegations satisfy the court that subject matter jurisdiction exists, the court will promptly resolve the defendants' motions to dismiss currently pending in the '299 case.

BACKGROUND AND ALLEGATIONS OF FACT[2]

A. Parties and procedural posture

Although his claims in both lawsuits arise out of events that occurred in Arizona, William Roberts is a citizen of the state of Wisconsin. In the '331 case, he initially named the following 14 defendants: Lee Anne Gallagher; Nina J. Foppe; MAPFRE Insurance; EAN Holdings LLC (also referred to as "Enterprise Rental Company," "Enterprise Holding, Inc.," and hereinafter "Enterprise"); Volkswagon Group of America; Northern Arizona Healthcare

---

[2] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and making reasonable inference in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Corporation (referred to by Roberts as "Northern Arizona Healthcare" and hereinafter "NAHC"); Liberty Mutual Insurance; Joseph Ezra Roberts (hereinafter "Joseph Roberts"); Joyson Safety Systems, Inc.; Dollar Thrifty Group; Hertz Global Holdings, Inc.; Hertz Vehicles LLC; Dollar Thrifty Automotive Group, Inc; and Hertz Corporate Headquarters.

In December of 2019, Roberts next voluntarily dismissed Joyson Safety Systems, Inc., and then Joseph Ezra Roberts from the '331 case. (Dkt. ##64, 65.) On April 6, 2020, Roberts further filed the '299 case against defendants similar to those listed in the '331 case.[3] In June 2020, the Hertz defendants were also dismissed without prejudice due to a notice of suggestion of bankruptcy in both lawsuits ('331 case, dkt. #73; '299 case, dkt. #28).[4]

### B. Allegations related to automobile accident

Roberts' substantive allegations are also roughly the same in both lawsuits. On April 25, 2017, Roberts' brother, defendant Joseph Roberts, rented a 2016 Volkswagon Jetta from Thrifty car rental in Phoenix, Arizona. That evening, Roberts and another individual drove the car to Flagstaff, Arizona, and the following day, April 26, Roberts and his companion drove to the Grand Canyon. As Roberts was driving away on State Road 64 in Coconino County, Arizona, he got into a head-on collision with defendant Lee Gallagher. The passenger in Gallagher's car was defendant Foppe. After the accident, Gallagher allegedly told Roberts that

---

[3] The differences being that in the '299 care Roberts omits Joseph Roberts, Foppe, and Joyson, and names Hertz Global Holdings, Inc., rather than multiple entities associated with Hertz. Also, Roberts labels MAPFRE Insurance as "d/b/a The Commerce Insurance Company."

[4] In particular, after initially naming Hertz Global Holdings, Inc. as a defendant it the '299 case, it was dismissed without prejudice upon notice of suggestion of bankruptcy. ('299 case, dkt. #28.)

3

another vehicle pulled out in front of her, which was why she turned into his lane. Roberts further alleges that Gallagher said she took her hands off the wheel before the collision.

Eventually, Roberts was transported to Flagstaff Medical Center (operated by NAHC), where he was allegedly admitted to intensive care with contusions on his heart and elevated blood pressure, although he was discharged from the hospital without seeing a cardiologist.

Almost a year later, on March 10, 2018, Roberts suffered cardiac arrest, and he was transported by helicopter to a hospital in Eau Claire, Wisconsin. There, he underwent a double bypass procedure to address blockages in his heart that Roberts believes were caused by an airbag deploying violently and improperly during his Arizona car accident. Roberts further claims that Gallagher failed to operate her vehicle properly, and the remaining defendants are liable for product liability and negligence. In both lawsuits, Roberts seeks a total of $2,511,282.39, for his medical bills, loss of future earnings, damages to the vehicle, pain and suffering, and punitive damages. ('331 case, dkt. #1, at 8; '299 case, dkt. #1, at 7.)

OPINION

Although defendants seek dismissal of both lawsuits on multiple grounds, Roberts' complaint in each suit suffers from defects suggesting that federal jurisdiction is lacking. Since Roberts may be able to cure the deficiencies in the '299 case, the court addresses the complaints separately.

I.  The '331 Case

The Commerce Insurance Company, Foppe and Gallagher (represented together and hereinafter "the Commerce defendants") and Liberty Mutual seek dismissal of this action

4

pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. ('331 case, dkts. #43, #52 at 5.)  Additionally, along with his answer, Joseph Roberts filed a cross-claim (mislabeled a counter-claim) against the Commerce defendants, and the Commerce defendants seek dismissal of Joseph's cross-claim against them on the same basis.  (Dkt. #45.)  Both of these motions will be granted for the reasons that briefly follow.

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citations omitted).  As a result, the party seeking to invoke federal subject matter jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).  Under 28 U.S.C. § 1332, diversity jurisdiction in particular is present where (1) the matter in controversy exceeds the sum or value of $75,000 and (2) complete diversity of citizenship exists between the two sides of the lawsuit.  Of particular relevance here, an individual is a citizen of the state in which he or she is *domiciled*.  *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

The Commerce defendants and Liberty Mutual argue that the parties are not completely diverse since plaintiff Roberts alleges that he is a Wisconsin citizen and his brother, defendant Joseph Roberts is also a resident of Wisconsin.[5]  Of course, Joseph Roberts' residency does not establish his citizenship.  "An allegation of residence is not sufficient to establish citizenship, which requires domicile," *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012), and a person's domicile is not necessarily where they currently reside, but "the state in which a person intends to live over the long run," *Heinen v. Northrop Grumman Corp.*, 671 F.3d

---

[5] Although not raised by the parties, the court notes that Roberts has failed to allege the citizenship of the majority of the entities.  That issue will be addressed with respect to Roberts' allegations in the '299 case, if an amendment might establish jurisdiction.

5

669, 670 (7th Cir. 2012). Ordinarily, this ambiguity might cause the court to permit Roberts to plead Joseph's citizenship more specifically, but Roberts and Joseph both had repeated opportunities to address it or, at minimum, indicate that Roberts could amend his complaint to allege that Joseph's domicile is any state other than Wisconsin. Moreover, the only indications in the record with respect to the state in which Joseph intends to remain are Roberts' complaint and Joseph's answer, both of which list the same *Wisconsin* address. ('331 case, dkt. #1, at 4; dkt. #51-2, at 3.) Given that it is Roberts' burden to prove complete diversity of citizenship, and he has failed to counter defendants' suggestion that Joseph Roberts is a citizen of Wisconsin, dismissal appears warranted. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit."); *Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) ("Failure to include the necessary allegations in the complaint, even after an opportunity to amend, usually means dismissal.").

Roberts' December 2019 voluntary dismissal of his claim against Joseph does not change the outcome. Diversity of citizenship is determined *at the time the complaint is filed*, not along the way. Just as "[j]urisdiction once acquired . . . is not divested by a subsequent change in the citizenship of the parties," *Wichita Railroad & Light Co. v. Public Utilities Commission*, 260 U.S. 48, 54 (1922), diversity jurisdiction cannot arise after the filing of the lawsuit, nor following dismissal of non-diverse parties. *See, e.g., Aurora Loan Services, Inc. v. Craddieth,* 442 F.3d 1018, 1025 (7th Cir. 2006) (federal jurisdiction determined as of date complaint is filed); *Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004) ("Whether § 1332 supplies subject-matter jurisdiction must be ascertained at the outset; events after the suit begins do not affect

the diversity jurisdiction."). Accordingly, the court must dismiss the '331 case, including defendant Joseph Roberts' counterclaim, for lack of subject matter jurisdiction.

II.     **The '299 Case**

None of the defendants seek dismissal of the '299 case for lack of subject matter jurisdiction, but federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2020). Here, Roberts alleges the citizenship of some of the parties, but not all. Specifically, he alleges his own citizenship (Wisconsin), Gallagher's (Massachusetts), and The Commerce Insurance Company's (Massachusetts), but Roberts does not allege the citizenship of Volkswagon Group of America, Liberty Mutual Insurance, Hertz Global Holdings, Inc., Enterprise Holdings, Inc., or NAHC. Instead, Roberts lists the name of the chairman and CEO of Hertz Global Holdings, Inc., and addresses below the names "Hertz Global Holdings, Inc." and "Hertz Corporate Headquarters"; two addresses for Enterprise Holdings, Inc.; and an address for and name of NAHC's CEO. (*See* '299 case, dkt. #1 at 2-3.) Furthermore, it is unclear *exactly* what Enterprise entity or entities Roberts even intends to include as a defendant. For example, while the caption of his complaint lists "Enterprise Rental Company," the body of his complaint lists Enterprise Holdings, Inc., and EAN Holdings LLC as d/b/a Enterprise Rent a Car, providing addresses for each entity.

Setting aside the confusion as to which entities Roberts intends to sue, the addresses Roberts lists for these defendants are insufficient for the court to evaluate whether federal jurisdiction is appropriate. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

principal place of business." 28 U.S.C. § 1332(c)(1). Here, Roberts has not pleaded sufficient information to determine the majority of the defendants' citizenships, principal places of business or states of incorporation. Furthermore, to the extent Roberts intends to include EAN Holdings LLC as anything other than a nominal defendant, that company's address is also insufficient, since a limited liability company's citizenship for purposes of "diversity jurisdiction is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). All of these gaps make it impossible for the court to determine whether complete diversity exists in the '299 case as well.

Accordingly, Roberts will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the citizenship of every defendant in this lawsuit. If Roberts' amended complaint alleges sufficient facts for the court to confirm that federal jurisdiction exists, the court will promptly resolve the defendants' remaining grounds to dismiss.[6] Until otherwise directed, however, the court does not require further action by defendants.

---

[6] In fairness to all the parties, the court notes that other grounds for dismissal raised in the '299 case also appear to have merit. For example, (1) the Commerce defendants and NAHC have submitted undisputed evidence challenging this court's ability to exercise personal jurisdiction over them; (2) Liberty Mutual correctly points out that venue is improper in this court, *see* 28 U.S.C. § 1391(b); (3) Enterprise raises a legitimate concern that plaintiff failed to state a plausible claim for relief against it; and (4) plaintiff does not appear to dispute Volkswagon's assertion that he failed to effect service of process. Understanding that this court cannot resolve these grounds for dismissal at this juncture for lack of subject matter jurisdiction, plaintiff should nevertheless carefully consider the benefit of proceeding with these claims and defendants in this court before deciding whether to file an amended complaint.

ORDER

IT IS ORDERED that:

1. The '299 and '331 cases are DISMISSED without prejudice for lack of subject matter jurisdiction.

2. In the '299 case, plaintiff William Roberts shall have until **December 17, 2020,** to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

3. If Roberts fails to timely amend, the court shall promptly dismiss that case for lack of subject matter jurisdiction. If Roberts does timely amend, the court will promptly take up defendants' other grounds for dismissal.

4. No further action is required from defendants in either case until the court directs otherwise.

Dated this 3rd day of December, 2020.

                                              BY THE COURT:

                                              /s/
                                              _____
                                              WILLIAM M. CONLEY
                                              District Judge